At a subsequent term a motion was made for a re-argument, which was denied, and the following opinion was thereupon delivered:
It may be, as has been argued by the defendant's counsel, that if the judgment of the general term had been reversed on the facts, a new trial ought to have been *Page 16 
awarded, on the ground that the facts upon which we proceeded, as establishing the plaintiff's right to his money by showing the assignment to have been procured by unlawful means, were not those found by the judge at the circuit. But the other ground of recovery which is referred to at the conclusion of the opinion of Judge SMITH, could not have been changed by any evidence which might have been given on a second trial. The only title which, by any possibility, the defendant could have to this money, must be founded upon the assignment which the plaintiff had executed to him. If that assignment was invalid for any cause, the defendant could not make title to this money under it; and if it was not, in law, assignable, the attempt to assign it was, of course, a void act. It is suggested, on behalf of the defendant, that the question of the legal assignability of the policy was not passed upon and decided at the trial. But we think this is a mistake. The complaint does not notice the assignment, but claims the money by virtue of the policy and the happening of the event upon which the insurance money was payable. It does state that the defendant claims that the money was payable to him, but does not state the grounds of his claim. The defendant, in his answer, then sets up the assignment as the foundation of his title to the money. Thus the validity of the assignment becomes the only question in the case. On the trial it was agreed that the pleadings should be amended so as to conform to the proof of the respective parties.
When the defendant offered the assignment in evidence, the plaintiff, among other objections, insisted that the policy, being for the benefit of a married woman, was not assignable to a third person for his benefit. This and his other objections were overruled, and the plaintiff's counsel excepted. The decision of the judge finally turned upon questions of fact, namely, the improper practices of the defendant in obtaining its execution. But if it were conceded that this was wrong, still, if the policy was in law unassignable, the plaintiff has in no manner waived that objection. She insisted upon it on the trial, and though she was doubtless content with a judgment *Page 17 
in her favor on any ground, she never withdrew from her position that upon this ground in particular she, and not the defendant, was entitled to this money. By the judgment of the general term she has been effectually deprived of the benefit of this objection. If it is a valid one, the judgment is erroneous and we ought to reverse it. It is no answer to this to say that the judge at the special term did not go upon this ground, for it lies at the foundation of the action. The fact upon which it rested was unquestioned and was indisputable, and could not be changed by any evidence which could have been given. It was patent on the face of the policy, and as both parties relied upon that instrument, it is quite impossible that the defendant's case could be improved in this respect by a new trial.
We see no reason to change the opinion, which we arrived at at the last term, as to the assignable quality of the instrument. By the common law, a person could insure his own life for any sum for which he might choose to pay the premium, and which the insurers would engage to insure; but if one desired to insure the life of another, he could only insure the interest which he had in such other life. If he undertook to insure a gross sum, and the contract was not susceptible of a construction which would limit the recovery to the actual damages sustained, the contract would be void under the statutes against betting and gaming. This principle the legislature, by the act of 1840 (Laws, p. 59), relaxed in respect to insurance as effected by a married woman, for any sum which she and the insurance company might see fit to contract for. It was provided that, in the case of her surviving her husband, the amount payable by the terms of the policy should be payable to her for her own use, free from all claims of the representatives of her husband or of his creditors. There is another feature in the act which shows that it was an enabling and not a declaratory provision. By the general rules of law a policy on the life of one sustaining only a domestic relationship to the insured, would become inoperative by the death of such insured in the lifetime of cestui que vie; or if it *Page 18 
could be considered as existing for any purpose after that event, it would be for the benefit of the personal representatives of the insured; but by this act the contract may be continued in favor of the children of the insured wife after her death. These features distinguish this case from that of an ordinary chose in action belonging to a married woman as her separate estate. The provision is special and peculiar, and looks to a provision for a state of widowhood, and for orphan children; and it would be a violation of the spirit of the provision to hold that a wife, insured under this act, could sell or traffic with her policy as though it were realized personal property or an ordinary security for money. The motion for a rehearing should be denied.
Motion denied.